**UNITED STATES ex rel. Harley J. BEAL, Relator-Appellant,**

v.

**Michael SKAFF, Warden, Wisconsin State Reformatory, Respondent-Appellee.**

**No. 17748.**

United States Court of Appeals Seventh Circuit.

Nov. 26, 1969.

E. J. Morse, Jr., R. R. Roggensack, Lancaster, Wis., Morse, Morse & Roggensack, Lancaster, Wis., for relator-appellant.

Robert W. Warren, Atty. Gen., of Wisconsin, Sverre O. Tinglum, Madison, Wis., William A. Platz, Asst. Atty. Gen., Madison, Wis., for respondent-appellee.

Before CASTLE, Chief Judge, MAJOR, Senior Circuit Judge, and HASTINGS, Senior Circuit Judge.

CASTLE, Chief Judge.

Petitioner, who is presently incarcerated in the Wisconsin State Reformatory, appeals from the denial by the district court of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. On March 21, 1968, petitioner was convicted in the Grant County, Wisconsin, Circuit Court of illegal possession of marijuana in violation of Section 161.275(1), Wisconsin Statutes. The marijuana was seized in petitioner's home during a search conducted pursuant to a search warrant issued by a magistrate. The issue presented to the district court and on appeal concerns the validity of that warrant.

On October 23, 1967, a federal law enforcement officer informed the Grant County district attorney that a parcel, bearing the postmark of Lexington, Kentucky, having no return address, and addressed to petitioner at his residence in Platteville, Wisconsin, had been observed in the United States mail at Milwaukee, and that the contents, which were believed to be marijuana, were leaking out. The package, which had been sent by first class mail, was subsequently intercepted by local law enforcement officers in Platteville. The chief of police was permitted to examine and "dope" the outside of the parcel with a fluorescent chemical, but was not permitted to take any of the contents which had come out of the package.

Upon concluding his examination, the police chief informed the district attorney that he believed the parcel contained marijuana. The district attorney then swore to a complaint to permit a search of petitioner's residence for the parcel. The complaint is a printed form with certain portions to be completed by the affiant. As a part of the printed form there appear the words, "in and upon certain premises * * * there are now located and concealed certain things, to wit:". Immediately there-

after was typed a description of the parcel and its contents, the addressee and postmark, and the statute believed to have been violated. Following this section of the complaint appeared the facts which were advanced to support the issuance of the warrant:

"Complainant is the District Attorney for Grant County, Wisconsin, duly elected, qualified and acting. On Monday, October 23rd complainant was informed that the parcel described above had been seen by a reliable informer while in the U. S. Mail in Milwaukee, Wisconsin, and that said parcel had been damaged and the contents thereof were leaking out; that said informer is an employee of the U. S. of America, charged with duties of law enforcement and stated that he believes the contents of such package are marijuana; that said informer is acquainted with marijuana and knows its appearance in processed form; that said informer believed that the contents of such package was marijuana because of the odor, because of the presence of certain small seeds therein and because of the color and shredded form of the leaves; that Lexington, Kentucky is an area where marijuana grows wild in the U. S.; that complainant has made an investigation and is informed and believes that the premises located at 495 W. Mineral St., Platteville, Wis. are occupied by one Harley Beal, who is a former resident of the State of Kentucky; that said Harley Beal is a free lance writer, presently unemployed, and wears a beard and long hair; that the source of such information is a reliable official at the Wisconsin State University of Platteville, Wis., where the said Harley Beal's wife is employed as an instructor; that the complainant is informed by the acting Post Master at the City of Platteville that said parcel will be delivered at or about 12:34 P.M., on October 24, 1967, by carrier delivery to said premises."

The magistrate issued the warrant at 12:15 p. m. that same day in Lancaster, Wisconsin, which is approximately 16 miles from Platteville. The search commenced at 12:45 p. m., during which the marijuana was retrieved from a toilet bowl in petitioner's home. The parcel had actually been delivered to petitioner's residence at 11:59 a. m., but this fact was not known at the time by the complainant or the magistrate. Before the police executed the warrant, they consulted with an officer who had been stationed outside petitioner's home for several hours, and had been informed by that officer that the parcel had been delivered.

■ "It is elementary that in passing on the validity of a warrant, the reviewing court may consider *only* information brought to the magistrate's attention." Aguilar v. Texas, 378 U.S. 108, 109, 84 S.Ct. 1509, 1511, 12 L.Ed.2d 723, n. 1 (1964) (emphasis in original); Giordenello v. United States, 357 U.S. 480, 486, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958). Thus, in reviewing the warrant in the instant case, we must ignore the fact that the parcel had already been delivered at the time of issuance, since the magistrate did not know of the delivery.

In these circumstances, petitioner argues, the warrant is invalid since the affidavit of the district attorney did not allege that marijuana was on the premises to be searched, but only that it "will be" on those premises at 12:34 that day. Therefore, petitioner contends, since there were no facts sufficient to support a belief that an offense "has been or is being committed," [1] the warrant violated the Fourth Amendment guarantee that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particu-

---

1. Berger v. New York, 388 U.S. 41, 55, 87 S.Ct. 1873, 1881, 18 L.Ed.2d 1040 (1967). Cf. Brinegar v. United States, 338 U.S. 160, 175–176, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949); Carroll v. United States, 267 U.S. 132, 161, 45 S.Ct. 280, 69 L.Ed. 543 (1925).

larly describing the place to be searched, and the persons or things to be seized."

The Supreme Court has had many occasions to examine the definition of "probable cause."

"Probable cause under the Fourth Amendment exists where the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been or is being committed." Berger v. New York, 388 U.S. 41, 55, 87 S.Ct. 1873, 1881 (1967).

" 'The substance of all the definitions' of probable cause 'is a reasonable ground for belief of guilt.' " Brinegar v. United States, 338 U.S. 160, 175, 69 S.Ct. 1302, 1310 (1949). The magistrate, in determining whether probable cause exists, must ascertain whether the facts known to the affiant, emanate from a trustworthy source. While probable cause means more than a bare suspicion, it need not constitute evidence sufficient to convict. Brinegar v. United States, *supra*.

■■ The element of time may be relevant to the validity of a search warrant. We agree with petitioner that a search pursuant to a "stale warrant," the execution of which is unduly delayed by the police in order to assure the seizure of the goods sought, is invalid. See Mitchell v. United States, 103 U.S. App.D.C. 341, 258 F.2d 435, 437 (1958) (Bazelon, J. concurring), and cases cited therein. The reason for requiring that search warrants be executed "forthwith," [2] is to assure that measure of judicial control over the search which the warrant procedure is intended to accomplish. The passage of an undue amount of time between the issuance and execution of a warrant raises the danger that the property described in the affidavit would no longer exist on the premises to be searched, and that any property seized might therefore be other than that which was specified in the affidavit as grounds for issuing the warrant. The danger of loss of judicial control might be as great in the case of a warrant issued to take effect some time in the future as in the case of a stale warrant. Where an inappropriately great amount of time has elapsed between issuance and execution, the warrant is invalid since it fails to meet the requirement that it be executed forthwith. Likewise, a warrant which antedates the commission of the offense which is relied upon to support its issuance might lack an essential element of judicial control: the requirement that probable cause exist to believe that execution will not precede the commission of the crime or possession of the goods to be seized.

■ However, the particular facts of the instant case do not compel a holding of invalidity under the above rationale. The police in the case at bar obeyed the command of the search warrant to execute it forthwith. Since it is obvious that the local magistrate was aware of the 16 mile distance between the place of issuance and the place of execution, and knew that consequently the warrant could not have been executed until after the contraband was scheduled to be delivered, there was no unreasonable danger of loss of judicial control over the search.

Thus, there was probable cause to believe that the parcel would be delivered 19 minutes from the time of issuance, and probable cause to believe that the warrant, when executed forthwith, could not be executed until after such delivery took place. There was, then, no danger that the property seized would be other than that specified in the affidavit upon which the warrant was issued. See Mitchell v. United States, *supra*, 258 F. 2d at 438, n. 6. Moreover, the nature of the article to be seized—the very real possibility that delay might have resulted in its disposal or concealment—com-

2. The warrant in the instant case stated that the police were "commanded forthwith to search the said premises for said things. * * *"

pelled quick action by the magistrate. Confined to these facts, we are of the opinion that the warrant and its execution were constitutionally valid.

The judgment below is affirmed.

Affirmed.