MANN, Judge.
One night Officer Lohde received a tip that Stephen Shaheen had some marijuana to sell, and arranged an introduction to Shaheen. They came to terms and agreed to meet the next night for payment of $350 and delivery of the kilo of marijuana. They met. Lohde sampled the merchandise, turned over the money to Shaheen, who said he would return momentarily with the marijuana. As Shaheen rounded the corner of the motel Lohde notified Deputy Holloway, who made the arrest.
Shaheen pleaded nolo contendere and was adjudged guilty after denial of his motion to suppress evidence for failure to obtain an arrest warrant. The trial judge accepted the parties’ stipulation preserving for purposes of appeal the sole legal question whether the arrest was lawful. The attorney general now questions this procedure, but it seems to us so logical that its widespread use ought to be encouraged, and this court, speaking through Chief Judge Hobson, specifically approved it in Ashby v. State, 228 So.2d 400, opinion filed November 7, 1969. It eliminates the necessity of an expensive trial simply to preserve a legal question for appellate purposes, since the evidence against Shaheen, if admissible, was overwhelming. Again we approve the procedure. It is not specifically provided for by rule, but ought to be. Our review of alleged error after what amounts to a guilty plea is explainable in terms of legal principles relating to the reception of guilty pleas: if not freely and voluntarily given they must be set aside. This one was conditional, and we honor the condition by reviewing the alleged error. For the benefit of the bench and bar we set forth in a footnote the text of the able circuit judge’s judgment.[1]
Appellant relies on Carter v. State, Fla.App.1967, 199 So.2d 324, as vitiating the arrest. We disagree. Carter dealt with an offense which had been committed ; the mere fact that Shaheen had agreed the night before to sell the marijuana and elaborate plans had been made by the officers to arrest him did not make it necessary for them to obtain a warrant to make an arrest for an offense which was yet to be committed. Indeed, Florida Statutes Section 901.02 (1967), F.S.A. authorizes a magistrate to issue a warrant if he has “reasonable ground to believe that any offense was committed within his jurisdiction and that the person against whom the complaint was made committed it.” We find in Chapter 901 no authority for arrests for offenses about to be committed, *446 and the arrest for this felony by one of the officers present was justified.
Affirmed.
HOBSON, C. J., and PIERCE, J., concur.

. “JUDGMENT
“This cause having come on to be heard upon the Information heretofore filed charging this Defendant with violation of the narcotics law, and the Defendant, through his counsel, having moved to suppress the evidence and said motion having been overruled and denied, and the Court and counsel for the State and for the Defendant having stipulated and agreed that if such ruling was in error, that such ruling was preserved for appeal purposes; the Defendant thereupon, subject to the reservation of the right to appeal from such ruling, did enter a plea of nolo contendere to the charge as embraced in the Information, and the Court being fully advised in the premises does find the Defendant to be guilty as charged and does adjudicate the Defendant guilty of the charge of violation of the narcotics law as set forth in the Information herein. It is directed that the Defendant be and appear before this Court at 1:30 P.M. on Tuesday, the 11th day of February, A.D.1969, for sentencing; provided, however, that in the event a Notice of Appeal is filed from this Judgment and an appeal bond in the sum of $2,000.00 conditioned according to law be filed between the date of this order and the 11th day of February, A.D.1969, that the Defendant need not appear.
“DONE AND ORDERED in Chambers at the County Courthouse, Clearwater, Florida, this 6th day of February, A.D. 1969.”