THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* STANFORD T. BAKER, JR., Appellant.

Fourth Department, June 25, 1971.

*Hodgson, Russ, Andrews, Woods & Goodyear (William H. Gardner* of counsel), for appellant.

*Michael F. Dillon, District Attorney (Judith Blake Manzella* of counsel), for respondent.

*Per Curiam.* Defendant was convicted of unlawful possession of a dangerous drug on the basis of evidence seized pursuant to a search warrant. By stipulation of the parties, the sole issue raised on appeal is whether probable cause existed for issuance of the search warrant prior to the arrival of the package to be seized at the premises to which the warrant was directed.

On January 9, 1970 a detective assigned to the Narcotics Division of the Buffalo Police Department appeared before a Magistrate of the Buffalo City Court and made application for a warrant to search premises at 71 Arnold Street in that city for marijuana and a described package directed to the Arnold Street address, postmarked San Francisco and bearing defendant's name as return addressee. In his affidavit supporting the application the detective stated that, based upon information received from a named United States Customs agent and a named Postal Inspector, the package had been opened by a customs employee during a routine inspection at the San Francisco post office, resealed and forwarded to Buffalo; that it had been reopened at the post office at Buffalo in his presence; that a compound in the package had been tested and found to be marijuana; that the package had been resealed and he was advised by postal authorities that it was scheduled for delivery on or about January 16, 1970; that his investigation revealed that on several occasions in the past mail had been accepted for defendant at 71 Arnold Street. The affiant further stated that, based on the foregoing reliable information and his personal knowledge " there is probable cause to believe " that marijuana " may be found " at the Arnold Street premises and he requested that the search might be made at any time due to the fact that evidence of narcotics can easily be destroyed or disposed of. The warrant, issued on the day of application, commanded a search of the Arnold Street premises and of any person to whom marijuana may have been delivered.

On January 16 the detective proceeded to the premises, observed the delivery being made, executed the warrant 17 min-

utes later and confiscated the marijuana and package described in the warrant.

In denying the motion to suppress, the court concluded that there was probable cause to believe defendant was guilty of a continuing crime of possession which started when defendant mailed the package, continued while it was in control of the postal authorities and extended through the time of delivery at the Arnold Street address where defendant was present, and that the commission of this crime justified the issuance of the search warrant. However, there was nothing before the issuing Magistrate to support a conclusion that the package was mailed by defendant or that it was in his possession at any time prior to its delivery at 71 Arnold Street — a necessary factor if a continuing crime of possession was to form the basis for the issuance of the warrant. Consequently we do not adopt the above reasoning for upholding the warrant.

Without a continuing crime by defendant there was, nevertheless, probable cause demonstrated in the affidavit produced before the Magistrate to justify the issuance of the search warrant. The fact that the information detailed by the affiant showed that contraband would be on the premises to be searched within the 10-day period permitted by section 802 of the Code of Criminal Procedure for execution of a warrant, rather than at the time of issuance, does not negate probable cause (*United States ex rel. Beal* v. *Skaff,* 418 F. 2d 430; *Alvidres* v. *Superior Ct., County of Ventura,* 12 Cal. App. 3d 575; cf. *State* v. *Waits,* 185 Neb. 780). " Nowhere in either the federal or state constitutions * * * is there any language which would appear to prohibit the issuance of a warrant to search at a future time." (*Alvidres* v. *Superior Ct., County of Ventura, supra,* p. 581.) The test is whether probable cause existed to believe that execution of the warrant would not precede the commission of the crime or possession of the goods to be seized (*United States ex rel. Beal* v. *Skaff, supra,* p. 433). Here we are satisfied that probable cause did exist for the belief that the warrant would not be executed prior to the delivery of the package: " [I]t is logical to assume that when officers obtain a warrant to search for and seize particular property which they have probable cause to believe will be on the premises at a specified future time, they would not be disposed to undermine the success of their efforts by premature execution of the warrant." (*Alvidres* v. *Superior Ct., County of Ventura, supra,* p. 579.) The issuing Magistrate had every reason to believe that the warrant would be executed not earlier than January 16, the day the package was scheduled

142

for delivery by postal authorities, and that such execution would be within the time permitted by the Code of Criminal Procedure.

We conclude that the affidavit of probable cause was sufficient to support the issuance of the search warrant. Accordingly, the judgment of conviction should be affirmed.

DEL VECCHIO, J. P., MARSH, GABRIELLI, MOULE and HENRY, JJ., concur.

Judgment unanimously affirmed.