Breitel, J.
These cases present the common question whether a search warrant may be issued prior to the imminent or scheduled arrival of seizable property designated in the warrant, marijuana in these instances, on the premises or person to be searched. Appellants, defendants in unrelated possession prosecutions, argue that a warrant for the search and seizure of *256 contraband in transit may not issue until the seizable property has come to rest with the person or at the place designated to be searched. Subordinate issues presented in Glen’s appeal turn on the sufficiency of affidavits on a motion to nullify the warrant and suppress evidence seized.
Defendants were separately convicted of lesser degrees of possession of dangerous drugs. Baker was fined $250 following a jury trial for possession in the sixth degree (Penal Law, § 220.05). Glen was sentenced upon a guilty plea to a maximum of four years for possession in the fifth degree (Penal Law, § 220.10). Both convictions were unanimously affirmed by the Appellate Division on separate appeals (Baker judgment affd. with opn. 37 AD 2d 139, Glen judgment affd. 37 AD 2d 692). Both defendants raised the basic issues in unsuccessful pretrial motions to suppress.
The convictions should be affirmed. Neither the Constitution nor relevant sections of the former Code of Criminal Procedure forbid issuance of a search warrant in advance of the imminent or scheduled receipt of seizable property by the person or at the premises designated in the warrant. In the Glen case a hearing was properly denied on the original motion to suppress since the supporting affidavits did not raise issues of fact and the papers in support of the warrant were legally sufficient. Denial of subsequent motions by Glen seeking identical relief rested in the discretion of the hearing court.
The facts are not in dispute. In Baker a narcotics detective in the Buffalo Police Department averred before the issuing Judge on January 9, 1970 that an overseas package addressed to Barbara Fay Baker, defendant’s wife, had been inspected by customs in Sail Francisco and found to contain marijuana. The package was resealed and shipped to Buffalo, where it was examined by postal authorities and its contents confirmed. The police officer stated that the package was scheduled for delivery on January 16, one week later. Upon these averments a warrant issued authorizing a search of defendant’s premises. The warrant did not specify a particular time for the search although the statutory form warrant directs immediate execution (former Code Crim. Pro., § 797). In fact the search under the warrant was made, as obviously intended by the issuing Judge, on January 16, the delivery date specified in the affidavit. The *257 police officers, after observing delivery of the parcel, entered and searched the premises, confiscated the marijuana, and arrested defendant and his wife.
In the Glen case the warrant affidavit averred that a package containing narcotics and consigned to Glen, a known drug possessor, was due to arrive at the local Greyhound Bus Depot in Canandaigua, New York. The affidavit added that Glen had called for the package earlier that morning but it had not yet arrived. The affiant’s information was based on a tip from an informer whose reliability was adequately demonstrated. The warrant issued October 29, 1969 and the officers were shortly advised by a Greyhound clerk that the package had arrived. When the parcel went uncalled for that day, the officers removed it and examined it at the Sheriff’s office. They found marijuana. The package was returned to the depot the following morning and the surveillance continued. At midday Glen arrived, accepted delivery, and was arrested leaving the depot.
The principal issue turns on defendants’ argument that a necessary condition precedent to the issuance of a search warrant is the present unlawful possession of seizable property on the person or at the place designated in the warrant. Defendants urge that the warrants are invalid because no crime had been committed prior to their issuance and there was no present and continuing possession of the contraband at the time of issuance. The Appellate Division in the Baker appeal stated, and correctly so it would seem, that a showing of possession to occur shortly is sufficient (37 A D 2d, at p. 141). In the Glen appeal a separate grievance is the denial of a hearing on the first motion to suppress and the summary disposition of renewed motions.
The validity of delayed execution warrants for seizable property in transit, supported by probable cause of imminent or scheduled arrival at a designated place or by a designated person, has been rarely considered. Indeed, evidently only two reported cases have discussed the issue, both sustaining the warrant (Alvidres v. Superior Ct., 12 Cal. App. 3d 575; cf. United States ex rel. Beal v. Skaff, 418 F. 2d 430, 433).
Preliminarily, the issue is peculiar to seizable property in transit. The police problem will often be whether to obtain a warrant in advance, or to seize the property, especially if contraband, on arrival without a warrant. The surveilling officers *258 who intercepted Glen, assuming no intervening illegality, could have done so without obtaining a warrant (see People v. Reisman, 29 N Y 2d 278; Hernandez v. United States, 353 F. 2d 624, cert. den. 384 U. S. 1008, for warrantless searches in other shipment cases). In the Balter case the power to make a warrantless search may be less certain, but often the possibility of removal, destruction, or concealment by the occupants may justify an immediate search without a warrant (cf. Chapman v. United States, 365 U. S. 610, 614-615; United States v. Jeffers, 342 U. S. 48, 51-52; Hernandez v. United States, 353 F. 2d 624, supra). Greater latitude is indicated where the police resort to warrant procedure rather than relying on the power to search without a warrant. The purpose, of course, is to encourage the use of warrants (Jones v. United States, 362 U. S. 257, 270; accord, United States v. Ventresca, 380 U. S. 102, 106-107). Hence, the instant cases present laudable efforts by the police to anticipate the undoubtedly imminent or early-scheduled arrival of seizable articles, if warrants were to be used and application made with opportunity to add to the supporting evidence as the issuing Judge might require. With these considerations in mind, the issue is whether there is a constitutional or statutory bar to a prospective warrant.
The State Constitution contains no limitations of time or strictures on present possession with respect to search warrants. It provides: ‘‘ The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.” (art. I, § 12). The Federal constitutional provision is identical (4th Arndt.). The remaining question then is whether a prospective warrant, by not being sufficiently limited, may allow an unreasonable search, particularly because it involves some discretion in the executing officer whether and when to execute it. Of course, even when there is present possession of the seizable property the officer has a minimal discretion not to execute the warrant if it should appear to him, from whatever source, that the possession is no longer the fact at the time of expected execution. At best, present possession is only probative of the likelihood of future possession. *259 In cases like these the certainty of future possession is greater or is often greater than that based on information of past and presumably current possession. Indeed, warrants based on stale information have been upheld (see People v. Holton, 326 Ill. 481, 10-day interval; People v. DeGeovanni, 326 Ill. 230, 5-day interval; Syrakas v. State, 227 Wis. 59, 9-day interval; United States v. Fitsmaurice, 45 F. 2d 133, 19-day interval; see, generally, Ann., Search Warrant—Affidavit — Sufficiency, 100 ALB 2d 526).
The ultimate answer to the problem is that as long as the evidence creates substantial probability that the seizable property will be on the premises when searched, the warrant should be sustained. To be sure, where there is no present possession the supporting evidence for the prospective warrant must be strong that the particular possession of particular property will occur and that the elements to bring about that possession are in process and will result in the possession at the time and place specified. Otherwise, the hated general writs of assistance of pre-Bevolutionary times would be revived, in effect, despite the constitutional limitations. Moreover, the issuing Judge should be satisfied that there is no likelihood that the warrant will be executed prematurely. In the Baker case the fact that the package was under the absolute control of the postal authorities made relatively certain delivery at the time specified in the affidavit. In the Glen case the reliability of the information and the earlier visit by the defendant not only supported the police expectation of delivery and possession but made it imminent and all but inevitable.
It is important to distinguish cases on which defendant Baker relies, cases which say or suggest that a warrant may not issue unless there is probable cause that a crime is now being committed, and rejecting the obtaining of warrants in advance (e.g., State v. Guthrie, 90 Me. 448, dictum). These cases reject, and properly so, as a basis for issuing a warrant, speculation or inference, however good, that a crime will be committed in the future at a certain place. That is not the situation where the crime and the person involved were committed by the train of circumstances already in process but short of consummation, so that in the natural course of events the crime would occur at the time and place with defendant’s implication. Indeed, defendant *260 Baker recognizes that ‘1 crimes in process ’ ’ may support issuance of a warrant. Of course, in many kinds of organized crime the evidence supplied to obtain warrants does not relate to current crimes but past crimes with circumstances showing the likelihood of continuance of the same activity. In the present cases the evidence that there would be a consummated prospective crime was logically and probatively stronger. The necessary pieces were in motion and all but inevitably the pieces would fall into a set, at a later time, constituting the crime.
Constitutional objections aside, defendants point to statutory restrictions.
The former statute provided: “ If the judge, justice or magistrate be satisfied of the existence of sufficient grounds for granting the application, and that there is probable cause to believe their existence, he must issue a search warrant, signed by him with his name of office, to any peace officer in his county or to any peace officer in the city of New York if such warrant is issued in the city of New York, commanding him forthwith to search the person or place named, for the property specified, and to bring it before the judge, justice, or magistrate.” (Code Grim. Pro., § 796.) It does not contain any requirement of present possession of the seizable property. It does, however, direct search forthwith. The question then is whether the language is mandatory and to be read literally, or whether it reflects a directive to be followed without delay on the basis of facts alleged in obtaining the warrant. The statutory form of warrant follows the statute (Code Crim. Pro., § 797).
The command to execute “forthwith” has been defined to require reasonable promptness, and, therefore, allow, in a sense, ‘ ‘ reasonable delay ’ ’, under the circumstances of the case (United States v. Dunnings, 425 F. 2d 836, 840-841; United States v. Nepstead, 424 F. 2d 269, 270-271, cert. den. 400 U. S. 848; Rouse v. United States, 411 F. 2d 725, 728; Spinelli v. United States, 382 F. 2d 871, 885, revd. on other grounds 393 IJ. S. 410; cf. United States v. Bradley, 428 F. 2d 1013, 1015-1016). In the Dunnings case (supra) Judge Friendly addressed himself to the problem presented by the word “ forthwith ”, and at the same time noted the inescapable discretion vested in a police officer executing a warrant. He said: 11 Even if we were to think that the sole reason for the delay was to effectuate Dun *261 nings’ arrest, it would not follow that the search was invalid. It is by no means clear that the ‘ forthwith ’ phrase in Buie 41(c) is a determination of an important policy rather than a belated echo of a medieval royal command. If the agents had obtained an arrest warrant for Dunnings, they would have had a reasonable time within which to execute it. [cases cited] We fail to see why, when they obtained a search warrant, they were obliged to execute it in a manner that might well have prevented Dunnings’ arrest, so long as they did execute it within 10 days and at a time when the probable cause recited in the affidavit continued [cases cited] ” (p. 841). Significantly, the new Criminal Procedure Law now eliminates the references to “forthwith” and immediate execution (CPL 690.40, 690.45).
There was also in the statutes the requirement that: “ A search warrant must be executed, and returned to the judge, justice or magistrate by whom it was issued, within ten days after its date. After the expiration of such time, the warrant, unless executed, is void.” (Code Grim. Pro., § 802, subd. 1.) This provision suggests that forthwith execution does not mean immediately, but is qualified by the practicalities and exigencies that the executing officer faces in the performances of his duty. Some cases have so held, and stated only what the statute makes clear, namely, that the warrant must be executed and returned within 10 days. Stale warrants are void, as they should be. (United States v. Dunnings, 425 F. 2d 836, supra; United States v. Nepstead, 424 F. 2d 269, supra; House v. United States, 411 F. 2d 725, supra; Spinelli v. United States, 382 F. 2d 871, supra.)
On this analysis the requirement that the warrants be executed forthwith was not violated in the present cases. Nor did the issuing Judges act incorrectly. They have at least the same latitude in issuing warrants as is allowed the police in executing warrants.
A subordinate issue merely alluded to by the parties is whether the possibility that the warrants by their terms could have been executed prematurely (for example in the Baker case, before delivery of the package) renders the warrants invalid on their face. Certainly, the better practice would have been for the issuing Judge to require that the search be reasonably contemporaneous with delivery of the package or suitcase. Nevertheless, the fact that the warrant would on its face authorize *262 an improper search does not undo it for all purposes. The defect is a technical one and may be disregarded since the warrants were executed at the only time practicable under the facts as set forth in the affidavits, and within the 10 days provided by statute and directed by the warrant on its face. Thus, that only a technical irregularity is involved is suggested by cases holding that the fact that a warrant improperly authorized a nighttime search did not make illegal a daytime search (People v. Varney, 32 A D 2d 181; see, also, United States v. Brunett, 53 F. 2d 219; United States v. Fitsmaurice, 45 F. 2d 133, supra).
In concluding this principal issue, it is worth repeating the admonition in United States v. Ventresca (380 U. S., at p. 108) that the requirements of the Fourth Amendment are ‘ ‘ practical and not abstract ’’ and that warrants should be scrutinized in a “ commonsense and realistic fashion ”.
The surviving issue on the Glen appeal is the denial of a hearing on the motions to suppress. Glen moved in March, 1970, pursuant to section 813-c of the code, to suppress the evidence The motion was denied in a memorandum without a hearing. The second and third motions in April and June of 1970 were denied because they sought the same relief. No showing of newly-discovered evidence not available at the time of the first motion had been made.
The March motion was properly denied without a hearing. Before a hearing is required an issue of fact must be raised (People v. Solimine, 18 N Y 2d 477). Generally, the burden on a motion to suppress is on a defendant (People v. Berrios, 28 NY 2d 361, 367; People v. Alfinito, 16 N Y 2d 181, 186). The affidavits of Glen and his counsel do not dispute the facts in the warrant application, the veracity of the affiant, or the manner in which the property was seized. On the narrow question of law whether the affidavit in support on the warrant was sufficient, the motion was, therefore, correctly decided.
The denial of the second and third motions lay in the unreviewable discretion of the hearing court (cf. 2A Weinstein-KornMiller, N. Y. Civ. Prac., If 2221.03; Cohen and Karger, Powers of the New York Court of Appeals, p. 585). A defendant is entitled to one motion as of right. Section 813-d suggests as much; it provides that once a pretrial motion is denied the determination is final unless new additional evidence of unlaw *263 fulness is offered. The only new matter in the second and third motions which might have merited a hearing is the taking from the depot and examination of the suitcase at the Sheriff’s office on October 29. The taking to confirm the presence of marijuana in the suitcase was not authorized by the warrant. Nevertheless, counsel for Glen was aware of the October 29 taking prior to the first motion, even referring to it on the argument of the motion, but the affidavits on neither side presented any facts on the initial temporary taking of the suitcase and its replacement. These facts were only developed on the later motions. Consequently, the evidence of the initial temporary taking of the suitcase does not qualify as “ newly discovered evidence ”.
In any event, if defendant Glen had raised a reviewable question as to the illegality of initial examination of his suitcase at the station house, it would make no difference. Assuming that examination were illegal it did not affect the eventual seizure. The warrant had been issued before on probable cause. It would have been executed at the proper time, even if the Deputy Sheriffs in their excess of zeal had not confirmed the presence of marijuana by the examination at the Sheriff’s office (see People v. Reisman, 29 N Y 2d, at pp. 283-284).
Accordingly, the orders of the Appellate Division should be affirmed.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan, Jasen and Gibson concur.
In each case: Order affirmed.