307 So.2d 853 (1975)
Lawrence S. GERARDI, Jr., Appellant,
v.
The STATE of Florida, Appellee.
No. 73-716.
District Court of Appeal of Florida, Fourth District.
January 14, 1975.
Rehearing Denied March 5, 1975.
Charles J. Cullom, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Frank B. Kessler, Asst. Atty. Gen., West Palm Beach, for appellee.
*854 DOWNEY, Judge.
Appellant was charged with possession of hashish and drug paraphernalia in violation of §§ 404.02 and 404.041, F.S. 1971, respectively. After pleading not guilty, appellant moved to quash a search warrant and suppress the evidence seized by the police. Upon denial of said motions he pleaded nolo contendere to possession of hashish and was sentenced to three years in prison. The sole point on appeal concerns the trial court's alleged error in denying the motions to quash the search warrant and suppress the seized evidence.
The question involved here is whether § 933.18(5), F.S. 1971, prohibits the issuance of a search warrant based upon an affidavit which shows that there are reasonable grounds to believe contraband will be delivered to an addressee at a private dwelling on a specific future date which is within the 10 day time limit set by § 933.05, F.S. 1971. So far as we have been able to determine the question has never been decided in Florida, although the First District Court of Appeal recognized it as "an intriguing question" in Rutskin v. State, Fla.App. 1972, 260 So.2d 525, 527.
The application for the search warrant in this case consisted of two documents, both dated December 6, 1972. The first is a form Affidavit For Search Warrant bearing, among others, the printed words "there is now being kept on said premises [the appellant's home, which was described by means of words typewritten on the form affidavit] certain ____." In the space following the printed word "certain" the words "PACKAGE CONTAINING HASHISH" are typewritten. Thereafter appear the printed words "which is now being kept and used in violation of the laws of the State of Florida." Attached to the form affidavit is a completely typewritten affidavit signed by a deputy sheriff and witnessed by a judge. In the typewritten affidavit the deputy sheriff swore that on December 5, 1972, three United States customs officials, in the presence of the affiant and of a United States postal inspector at a United States post office, had opened a package which bore a customs declaration sticker describing its contents as a bottle of wine.[1] The package had been mailed from the Netherlands on November 9, 1972. It was addressed to the appellant and his wife and was awaiting delivery. The opened package disclosed a ceramic bottle. Tests revealed that the contents of the bottle was hashish. The bottle was thereafter marked with fluorescent powder and repackaged. The federal agents and the affiant agreed upon a definite procedure for delivery. The package would remain in the custody of a postal inspector until the following day, when it would be turned over to the appropriate route delivery man. During the delivery affiant would have the premises under visual surveillance. After delivery to the occupant of the dwelling, but before execution of the search warrant, the affiant would telephonically contact the judge who issued the search warrant and provide him "with confirming information as to the procedure followed on transmittal and receipt of said package." After receiving both the form and typewritten affidavits, the judge signed a search warrant directing the sheriff's department to enter and search the appellant's home and seize the package of hashish.
About an hour after receiving the search warrant, the deputy sheriff telephoned the judge and confirmed the postal delivery to and the receipt of the package by an occupant of the appellant's home. Immediately thereafter police entered the appellant's home and seized the package of hashish and some drug paraphernalia.
The procedure used in this case is not novel. It has been approved in both New York and California and in at least one federal circuit. See People v. Baker, 37 *855 A.D.2d 139, 322 N.Y.S.2d 374 (1971), affirmed sub nom., People v. Glen, 30 N.Y.2d 252, 331 N.Y.S.2d 656, 282 N.E.2d 614 (1972); People v. Superior Court In and For County of Santa Clara, 27 Cal. App.3d 404, 103 Cal. Rptr. 874 (1972); Weber v. Superior Court For County of Santa Clara, 30 Cal. App.3d 810, 106 Cal. Rptr. 593 (1973); United States ex rel. Beal v. Skaff, 418 F.2d 430 (7th Cir.1969). However the approval resulted from a finding in those cases that there was no constitutional or statutory prohibition proscribing the issuance of a search warrant under conditions similar to those in the present case.
In Florida issuance of a search warrant for a private dwelling is governed by § 933.18, F.S. 1971, which provides in pertinent part:
"No search warrant shall issue under this chapter or under any other law of this state to search any private dwelling occupied as such unless:
* * * * * *
(5) The law relating to narcotics or drug abuse is being violated therein;
* * * * * *
No warrant shall be issued for the search of any private dwelling under any of the conditions hereinabove mentioned except on sworn proof by affidavit of some creditable witness that he has reason to believe that one of said conditions exists, which affidavit shall set forth the facts on which such reason for belief is based."
Thus it is clear that our statute not only does not authorize issuance of a search warrant for search of a private dwelling for violations of the law relating to narcotics or drug abuse unless such law is currently being violated therein, it expressly prohibits such issuance. Strictly construing this statute as we must (Leveson v. State, Fla.App. 1962, 138 So.2d 361), we are constrained to hold that the affidavits in this case did not meet the statutory requirements and thus were insufficient to support the issuance of a search warrant because they did not allege that any violation of the narcotics laws was presently occurring in the appellant's home. Cf. Shaheen v. State, Fla.App. 1969, 228 So.2d 444.
Accordingly, the order denying the motions to quash and suppress is reversed and the cause is remanded with directions to quash the warrant and suppress the evidence in question.
CROSS, J., and SCHWARTZ, ALAN R., Associate Judge, concur.
NOTES
[1] The package was properly opened without a search warrant. See United States v. Francis, 487 F.2d 968 (5th Cir.1973).