147 N.J. Super. 17 (1977)
370 A.2d 515
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
NATALIO MIER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 3, 1977.
Decided January 31, 1977.
*18 Before Judges CARTON, KOLE and LARNER.
Mr. Burrell Ives Humphreys, Passaic County Prosecutor, attorney for plaintiff-appellant (Mr. Gary H. Schlyen, Assistant Prosecutor, of counsel and on the brief).
*19 Mr. Stanley C. Van Ness, Public Defender, attorney for defendant-respondent (Ms. Rosemary K. Reavey, Assistant Deputy Public Defender, of counsel and on the brief).
The opinion of the court was delivered by LARNER, J.A.D.
Pursuant to leave granted by us, the State appeals from an order suppressing evidence obtained in a search authorized by a warrant. The issue for determination is whether a search warrant is valid when issued on an affidavit which alleges that the contraband is en route from a foreign country through the mail and has not as yet reached the addressee in New Jersey. Is an anticipatory warrant valid under such circumstances when issued prior to receipt at the destination to be searched?
A subsidiary issue is whether, under the facts presented, the actions of federal authorities and of local police are so unfair as a matter of public policy that the seizure should be declared invalid.
The affidavit underlying the issuance of the warrant made by Detective Zampino of the Passaic Police Department on December 11, 1975 recited in essence the following facts. Information was received by the Passaic police from a named federal narcotics agent that Natalio Mier (defendant), residing at 88 Third Street, Passaic, had a small package addressed to him mailed from Bolivia, South America, containing coca leaves and that the package was at that time in the possession of Postal Inspector Dowling.
Dowling advised Police Officer Snyder that he, Dowling, had received the package on December 10, 1975 by registered mail from a customs officer who had examined it in the normal course of his business at the Port of New York. The contents of the package, consisting of approximately 15 grams of coca leaves, were field-tested and found to have a positive reaction for cocaine.
On the same date Detective Zampino communicated with Public Service Gas & Electric Co. and ascertained that Natalio Mier was listed as the occupant of Apt. # 1 at *20 88 Third Street, Passaic, and paid the bills addressed to him there. The affidavit continued to state that as of that time the suspected contraband was in the possession of Inspector Dowling and awaiting an opportune time for delivery to Mier when the police would confiscate it pursuant to the search warrant.
The warrant was issued by a municipal court judge on December 10, 1975 and executed the very next day by Detective Zampino, who seized the coca leaves which had been delivered five minutes before to defendant by Inspector Dowling posing as a mailman. The contraband seized by the police pursuant to the search warrant consisted of a plastic bag containing the original coca leaves shipped to defendant, in addition to other plastic bags of suspected coca leaves found in various locations in the apartment.
The trial judge suppressed the evidence on the ground that the warrant was invalid because law enforcement authorities, not the defendant, were in possession of the contraband at the time it was issued, and therefore there was no probable cause to justify its issuance. The judge also characterized the entire procedure as "patently unfair."
The question of the validity of an anticipatory warrant is one of first impression in the State of New Jersey,[1] although such a warrant has been sustained in other jurisdictions.
There is no particular constitutional infirmity in the mere fact that a warrant is sought to search for contraband which has not as yet reached the destination described therein. The test of constitutional validity is simply whether the search is reasonable under such circumstances in view of the probable cause that a crime is being committed, *21 as demonstrated by the proofs underlying the issuance of the warrant.
In People v. Glen, 30 N.Y.2d 252, 331 N.Y.S.2d 656, 282 N.E.2d 614 cert. den. (1972) 409 U.S. 849, 93 S.Ct. 58, 34 L.Ed.2d 91 (1972), the Court of Appeals sustained the validity of an anticipatory warrant under factual circumstances strikingly similar to those herein. The analysis of that court is focused upon the reasonable probability that the contraband will reach its destination before execution of the warrant because of the controlled delivery by the authorities. If that is a fair assumption, then there is an adequate showing as a matter of probability that a crime is being committed at the search locale by the individual named in the affidavit when the warrant will be executed. Contrariwise, if the factual complex demonstrates that the warrant will be executed prior to delivery of the contraband, the element of probable cause for the warrant is negated.
In People v. Glen, Judge Breitel noted:
The ultimate answer to the problem is that as long as the evidence creates substantial probability that the seizable property will be on the premises when searched, the warrant should be sustained. To be sure, where there is no present possession the supporting evidence for the prospective warrant must be strong that the particular possession of particular property will occur and that the elements to bring about that possession are in process and will result in the possession at the time and place specified. Otherwise, the hated general writs of assistance of pre-Revolutionary times would be revived, in effect, despite the constitutional limitations. Moreover, the issuing Judge should be satisfied that there is no likelihood that the warrant will be executed prematurely. In the Baker case the fact that the package was under the absolute control of the postal authorities made relatively certain delivery at the time specified in the affidavit. In the Glen case the reliability of the information and the earlier visit by the defendant not only supported the police expectation of delivery and possession but made it imminent and all but inevitable. [30 N.Y.2d at 259, 331 N.Y.S.2d at 661, 282 N.E.2d at 617]
Where the proof of the prior circumstances demonstrates that there is a strong probability that the continuation *22 of the process already initiated by the shipment of the contraband will in the natural course of events result in the consummation of the crime at the time and place anticipated, the issuance of the warrant is legally justified.
California courts have also held that anticipatory warrants involving contraband shipped from foreign countries and whose delivery is controlled by local authorities are valid. Such a conclusion is dictated by the practicalities involved in crime detection, especially in the area of the transitory activities of those engaged in the narcotics traffic.
The opinion in Alvidres v. Superior Court, Ventura Cty., 12 Cal. App.3d 575, 581, 90 Cal. Rptr. 682, 686 (D. Ct. App. 1970), well expresses the practical reasons supporting the issuance of an anticipatory warrant in such cases:
The speed with which law enforcement is often required to act, especially when dealing with the furtive and transitory activities of persons who traffic in narcotics, demands that the courts make every effort to assist law enforcement in complying with the edicts that the courts themselves have issued.
We must ask ourselves whether the objective of the rule is better served by permitting officers under circumstances similar to the case at bar to obtain a warrant in advance of the delivery of the narcotic or by forcing them to go to the scene without a warrant and there make a decision at the risk of being second-guessed by the judiciary if they are successful in recovering evidence or contraband. We believe that achievement of the goals which our high court had in mind in adopting the exclusionary evidence rule is best attained by permitting officers to seek warrants in advance when they can clearly demonstrate that their right to search will exist within a reasonable time in the future. Nowhere in either the federal or state constitutions, nor in the Statutes of California, is there any language which would appear to prohibit the issuance of a warrant to search at a future time.
See also People v. Duncan, 40 Cal. App.3d 940, 115 Cal. Rptr. 699 (D. Ct. App. 1974); People v. Shapiro, 37 Cal. App.3d 1038, 113 Cal. Rptr. 54 (D. Ct. App. 1974); People v. Sloss, 34 Cal. App.3d 74, 109 Cal. Rptr. 583 (D. Ct. App. 1973); People v. Superior Court, Santa Clara Cty. 27 Cal. App.3d 404, 103 Cal. Rptr. 874 (D. Ct. App. 1972).
*23 The Seventh Circuit ruled similarly in United States ex rel. Beal v. Skaff, 418 F.2d 430 (1969), in a case involving an interstate shipment of narcotics where the controlled delivery at its destination was to take place after the issuance of the warrant. See also, United States v. Odland, 502 F.2d 148 (7 Cir.), cert. den. 419 U.S. 1088, 95 S.Ct. 679, 42 L.Ed. 2d 680 (1974); United States v. Feldman, 366 F. Supp. 356 (D. Hawaii 1973).
We hold that an anticipatory warrant is valid under the factual circumstances of this case and that the search and seizure made pursuant to that warrant is reasonable within the purview of the protective guarantees of the Fourth Amendment of the United States Constitution and Article I, par. 7 of the New Jersey Constitution.
We find nothing therein inherently unfair or violative of public policy so as to dictate a contrary conclusion merely because the contraband was in possession of the postal authorities as of the time of the application for the warrant. In fact, the law in this area should be construed to encourage the police to resort to warrants rather than warrantless searches. See United States v. Ventresca, 380 U.S. 102, 106, 85 S.Ct. 741, 744-745, 13 L.Ed.2d 684, 687 (1965); Jones v. United States, 362 U.S. 257, 270, 80 S.Ct. 725, 735-736, 4 L.Ed. 2d 697, 708 (1960).
Defendant further urges that the evidence should be suppressed because the action of the local police and federal officials "smacks of entrapment" or, as described by the trial judge, is "patently unfair." This contention is manifestly without merit.
In this case, as in similar cases, the government, whether federal, state or local, does not initiate the crime. It merely engages in a well-conceived plan to detect those involved in the commission of the crime undertaken by conspiratorial activities of the shipper of the contraband and the receiver. "[E]ntrapment is concerned with the manufacturing of crime by the police and the ensnaring of unwary innocents." State v. Talbot, 71 N.J. 160, 165 (1976). "However, this does *24 not mean that the police may not use artifice to trap the unwary criminal." Id. See also Sherman v. United States, 356 U.S. 369, 78 S.Ct. 819, 2 L.Ed.2d 848 (1958); Chapman v. United States, 443 F.2d 917 (10 Cir.1971); Martinez v. United States, 373 F.2d 810 (10 Cir.1967); People v. Duncan, supra; People v. Shapiro, supra; People v. Kosoff, 34 Cal. App.3d 920, 110 Cal. Rptr. 391 (D. Ct. App. 1973); State v. Stein, 70 N.J. 369, 391-393 (1976).
In Chapman v. United States, supra, the court stated:
If contraband were simply seized by customs agents and disposed of, then the intended receivers of the illicit goods would go unpunished. The government in cases such as this, does not initiate the crime. It simply monitors the crime until it can identify the participants. We see no merit in appellants' contention that the commission of the offense would have been impossible without the actions of the agents. The offense would still have been committed. Without the actions of government officials the crime would have gone undetected. [443 F.2d at 920]
We find no elements of entrapment or other official misconduct in connection with the police techniques utilized herein which would violate concepts of fundamental fairness so as to taint the fruits of the search.
In view of the foregoing, the order of suppression is reversed.
NOTES
[1] In State v. Smith, 113 N.J. Super. 120 (App. Div.), certif. den. 59 N.J. 293 (1971), upon which case the trial judge and respondent relied, the court raised the question without deciding it, and proceeded to determine the appeal on another ground on an assumption of "the invalidity of the search warrant for purposes of this opinion." (At 128)