■ The People of the State of New York, Respondent, v Carl D. Wyatt, Appellant.—Appeal from a judgment of the County Court, Tompkins County, rendered July 5, 1977, convicting defendant on his plea of guilty of the crime of criminal possession of a controlled substance in the seventh degree. In the two-count indictment defendant was charged with criminal possession of a controlled substance in the fifth degree and seventh degree. He pleaded guilty to the latter count, a misdemeanor, and was sentenced to a term of conditional discharge for a period of one year. This appeal ensued. The paramount issue raised on this appeal is the propriety of the trial court's refusal to suppress certain contraband seized from defendant's apartment at the time of the execution of a search warrant. The record reveals that a package was mailed from Austin, Texas, addressed to defendant at Ithaca, New York. A suspicious United Parcel clerk opened the package and found it contained a green vegetation that appeared to be marijuana. The package was turned over to the United States Drug Enforcement Administration and then mailed to the New York State Police at Ithaca where it was reopened and found to contain about one pound of marijuana. Thereafter, on October 17, 1974, Trooper Neilen applied for and obtained a warrant to search defendant's apartment. The package was then returned to the United Parcel Service for delivery. The warrant was executed on October 21, 1974 and a quantity of marijuana, some of which was in small plastic bags, seized. On the issue of the search warrant defendant maintains that the affidavit of Trooper Neilen and the supporting papers were insufficient. More specifically, defendant contends, *inter alia,* that it was improper to issue the warrant while the seizable property was in the possession of the State Police; that the affidavit failed to set forth any reasonable cause to believe that the package was to be possessed by defendant; and that there was no allegation that defendant knew the package had been forwarded to him. We find no merit in any of these

contentions. There is no constitutional restriction proscribing the issuance of a search warrant in advance of possession. Furthermore, in the instant case it is reasonably inferred from the record that possession by defendant was imminent *(People v Glen* 30 NY2d 252). We also reject defendant's argument that the moving papers were defective for lack of an allegation that defendant had knowledge that the package was being mailed to him. Such fact is properly a trial issue and need not be alleged in an affidavit for a warrant. We have considered the remaining contentions urged by defendant and find them unpersuasive. The judgment should be affirmed. Judgment affirmed. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.