■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MORUSTY, Appellant. [600 NYS2d 311] —Yesawich Jr., J. Appeal from a judgment of the County Court of Tompkins

County (Friedlander, J.), rendered August 4, 1992, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the second degree.

As part of an ongoing investigation into illegal drug trade in Tompkins County, and more particularly into the activities of Leo Longtin, a suspected dealer, a pen register was placed on Longtin's residence telephone and an eavesdropping warrant was obtained to monitor his conversations. Subsequently, a search warrant was secured for Longtin's residence and 10 others, including defendant's, and when the search warrant was executed at defendant's residence seven quantities of marihuana, aggregating almost five pounds, were discovered. Defendant was charged with criminal possession of marihuana in the second degree. After his suppression motion was denied, he pleaded guilty and was sentenced to five years' probation and a $5,000 fine. Defendant maintains that the search warrant was issued without the requisite probable cause.

The supporting documentation for the search warrant application includes four pieces of information that could possibly be seen as creating some suspicion that defendant might be engaged in illegal drug activity, but even when this evidence is given the broadest possible interpretation it still does not furnish a basis for concluding that the contraband sought—cocaine, sales records and paraphernalia used in weighing and packaging cocaine—was likely to be found at defendant's residence or on his person at the time the warrant was executed (see, People v Glen, 30 NY2d 252, 259, cert denied 409 US 849).

The pen register reflects but one call to defendant, lasting only 39 seconds, and there is no evidence as to the content of this conversation. Inasmuch as defendant and Longtin both rent commercial space at a local shopping mall, where they carry on legal enterprises, such a brief telephone conversation is hardly indicative of any illegal activity. A second conversation was had between defendant and Longtin during the eavesdropping period; that exchange, summarized by a police officer in his affidavit, was as follows: "On September 26, about 3:27 p.m., Longtin received an incoming call from a male, who Lee (Longtin) called Mike. They discussed 'losses' and Mike's need to collect from Longtin money Morusty had lent to Longtin. When Longtin said he didn't have the money, Morusty asked if he had 'anything else I can turn into money.' Longtin said that he didn't have anything, and that that was his problem—the reason he didn't have any money. Morusty

then said that when they straightened out their affairs, he could help Longtin with that." It is not without significance that no transcript of this conversation was furnished to the issuing Magistrate, nor was any "interpretation" of the conversation provided by the officer. In view of defendant's legitimate business dealings with Longtin, this conversation is at best equivocal. Even if it can be assumed that the caller was in fact defendant—it should be noted that the investigating officer who authored this paragraph does not explain how he knew that the caller was actually defendant, rather than Michael Mahool, who was a primary subject of the investigation—and that the statement "anything else I can turn into money" was in fact a cryptic reference to illegal drugs, there is simply no indication that defendant was in possession of any drugs at the time or had the intention of procuring any in the near future. This conversation furnishes no basis from which to conclude that defendant actually possessed the illegal substances or any paraphernalia related thereto.

Another piece of information assertedly providing probable cause for the warrant's issuance is an informant's representation that in July 1991, more than two months prior to the issuance of the warrant, defendant offered to connect the informant with a cocaine supplier from whom the informant would purchase directly. When the supplier refused to deal with the informant, defendant told the informant that the latter would have to purchase from another source; again, defendant did not indicate that he himself possessed any drugs for use or for sale.

The fourth and final item that allegedly implicates defendant is a statement made by Longtin and related to the police by the aforementioned informant, who was actively involved in the investigation. Longtin reportedly told the informant, in August 1991, that he was supplying cocaine to defendant and that if defendant had any cocaine, it came from Longtin. This is the *only* evidence that defendant ever had any illegal drugs and it is fatally flawed, for although the informant's reliability and basis for knowledge were adequately established, and Longtin ostensibly speaks from personal knowledge as to the fact that he supplied defendant with cocaine, there is no basis from which to conclude that Longtin's account is reliable. Although the statement is technically against Longtin's penal interest, he did not make it knowingly to a law enforcement officer or with any knowledge that it might be used against him directly or that he might be punished if it were false *(see, People v Johnson,* 66 NY2d 398, 403-404; *see also,* 1 LaFave &

Israel, Criminal Procedure § 3.3 [c], at 196-197 [1984]). Under the circumstances, it was a self-serving statement with no inherent guarantee of trustworthiness; nor can it be said to have been corroborated by the other three items, none of which establishes that defendant ever possessed any illegal substance. The reliability prong of the *Aguilar-Spinelli* test not having been satisfied, such a statement cannot provide the basis for a finding of probable cause *(see, People v Bigelow,* 66 NY2d 417, 423).

There being no reliable evidence that defendant ever sold or had possession of any illegal substance, the issuing Magistrate could not, in our view, reasonably conclude that it was " 'more probable than not' " that cocaine or paraphernalia would be found at defendant's residence or on his person *(see, People v Mercado,* 68 NY2d 874, 877, *cert denied* 479 US 1095, quoting *People v Carrasquillo,* 54 NY2d 248, 254). Accordingly, the suppression motion should have been granted.

Mikoll, J. P., Levine and Crew III, JJ., concur. Ordered that the judgment is reversed, on the law, motion to suppress granted and matter remitted to the County Court of Tompkins County for further proceedings not inconsistent with this Court's decision.