■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CATHY MELLER, Appellant. [894 NYS2d 10]—

The court properly denied defendant's motion to controvert a search warrant for defendant's apartment, issued in connection with a controlled delivery of a package that had been intercepted and found to contain cocaine, and that had been addressed to a person other than defendant while listing defendant as the contact person. Defendant did not preserve her claim that she was entitled to an evidentiary hearing based on her assertion

that, when she accepted the package, she protested that the addressee did not live there, and we decline to review it in the interest of justice. As an alternative holding, we find it without merit. The legality of the search was established by the warrant and its supporting papers (*see People v Glen*, 30 NY2d 252, 262 [1972], *cert denied sub nom. Baker v New York*, 409 US 849 [1972]), and there was no factual dispute requiring a hearing (*cf. People v Burton*, 6 NY3d 584, 587 [2006]). Regardless of the relevance of defendant's statements at the time of the controlled delivery to the issue of her guilt or innocence had she chosen to go to trial, they were irrelevant to the legality of the search (*see People v Wyatt*, 60 AD2d 958, 959 [1978], *affd* 46 NY2d 926 [1979]).

We perceive no basis for reducing the sentence. Concur—Andrias, J.P., Friedman, Acosta, DeGrasse and Román, JJ.