THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
CHRISTOPHER FRANK, Appellant.

Fourth Department, February 26, 1982

APPEARANCES OF COUNSEL

*Richard Speranza* (*Richard Baumgarten* of counsel), for appellant.

*Peter L. Broderick* (*Shavasp Hanesian* of counsel), for respondent.

OPINION OF THE COURT

DENMAN, J.

Defendant appeals from a judgment convicting him of criminal possession of a controlled substance in the second degree and in the sixth degree alleging, *inter alia,* that his pretrial motion to suppress the LSD and phencyclidine seized from his vehicle and taped conversations between him and one James Lynch obtained pursuant to an eavesdropping warrant should have been granted. Additionally, he urges that he should have been granted a hearing to determine whether procedures were established to minimize the interception of nonpertinent telephone calls. We find that certain conversations should have been suppressed and that a minimization hearing is necessary for purposes of which we reverse and remit for a new trial.

Based on the affidavits of investigators for the Niagara County Drug Task Force, the District Attorney of Niagara County obtained an eavesdropping warrant authorizing the wiretapping of a telephone number listed to James Lynch at 2332 Niagara Falls Boulevard, Town of Wheatfield. The warrant provided, in relevant part, as follows:

"YOU ARE HEREBY AUTHORIZED to intercept communications of JAMES LYNCH and any and all other persons using the premises known as 2332 Niagara Falls Blvd., Town of Wheatfield, New York, said residence containing telephone number 731-9631, listed in the name of James Lynch, between the said James Lynch and members of the general public and any and all other persons using said telephone for the purpose of buying and/or selling controlled substances, viz., Phencyclidine, Marijuana, etc. * * *

"This authorization to intercept the communications described over telephone number Town of Wheatfield, New York, 731-9631 shall be executed as soon as practicable

and shall be conducted in such a way as to minimize the interception of communications not otherwise subject to eavesdropping under Section 700 of the Criminal Procedure Law.

"You are permitted to make secret entry upon premises located at 2332 Niagara Falls Blvd., Town of Wheatfield, New York."

The warrant was subsequently amended to correct the telephone number to 731-3961 as the numbers had been transposed. On May 17, 1978 the District Attorney applied for an order extending the warrant. The order authorizing the extension stated, in pertinent part, as follows:

"The communication facility as to which authority to intercept is granted is the private telephone located in the dwelling of JAMES LYNCH, 2332 Niagara Falls Blvd., Town of Wheatfield, New York.

"You are permitted to make secret entry upon premises located at 2332 Niagara Falls Blvd., Town of Wheatfield, New York, if such entry is necessary, to install a eaves dropping [sic] device."

As a result of information gained through the use of the wiretap, a search warrant was obtained for James Lynch, for the defendant, and for the vehicles which each of them was known to drive. Execution of the warrant for defendant and his vehicle resulted in the seizure of a quantity of phencyclidine and LSD, the possession of which formed the basis for the charges on which defendant was convicted.

At the trial the Chief of the Niagara County Drug Task Force testified that in addition to the wiretap, a "bug" was installed in the kitchen of the Lynch residence on May 20, 1978 and that two conversations between Lynch and defendant were intercepted on that device. The tapes of those conversations were admitted into evidence. Defendant had moved for suppression of those conversations prior to trial on the ground that the warrant did not authorize the planting of a "bug". Defendant contends that the eavesdropping warrant authorized the interception of telephone communications alone and thus the two conversations obtained through use of the bug should have been suppressed. He claims further that the drugs seized from his

car pursuant to the search warrant must be suppressed because it was only by listening to the bugged conversations that investigators learned when he would be at Lynch's residence with the drugs.

In response, the People contend that that portion of the warrant which authorized the secret entry upon the premises "if such entry is necessary to install an eavesdropping device" was authority to enter and plant the bug because entry was not necessary to install a wiretap. This argument overlooks the fact that such authorization is required by statute to be included in an eavesdropping warrant (CPL 700.30, subd 8). Furthermore, if that phraseology was intended to authorize the planting of a bug, the term "if such entry is necessary" would be superfluous because entry is certainly necessary to implant such a device.

The People take the position that since the issuing magistrate found probable cause for interception of telephonic conversations concerning drug transactions at the Lynch premises, the authorization is broad enough to include nontelephonic conversations on the premises obtained by means of an eavesdropping device. According to this view the invasion of defendant's right to privacy is the same whether the means used is a wiretap or a bug.

That somewhat cavalier approach ignores the fact that an eavesdropping warrant, like any other warrant, is subject to the command of the Fourth Amendment that it be supported by probable cause and "particularly describ[e] the place to be searched, and the persons or things to be seized" (*Berger v New York,* 388 US 41, 55). The requirement that a warrant be carefully circumscribed was designed to remedy the evil of general warrants and to prevent the seizure of one thing under a warrant describing another. The scope of the warrant is therefore "inexorably intertwined" with the existence of probable cause to support it (*People v Juliano,* 74 AD2d 881; see, also, *People v Nieves,* 36 NY2d 396). Indeed, the statute under which the eavesdropping warrant was issued requires such restriction. CPL 700.30 (subd 4) provides that an eavesdropping warrant must contain "[a] particular description of the type of communications sought to be intercepted".

██ The warrant authorized the interception of telephonic communications over a specific phone at a specific residence. A reading of the application and of the warrant itself makes clear that it is telephonic communications at that location which are being sought and for which authority is granted. There is no mention of any other type of communication and it would be an impermissible circumvention of the Fourth Amendment requirement to interpret the language so as to include the conversations obtained by means of a bugging device. As we said previously in a related context: "Because electronic surveillance may be used in a manner to threaten the constitutional guarantees against illegal search and seizure, that is, 'the right to be free from unjustifiable governmental intrusion into one's individual privacy' (*People v Washington,* 46 NY2d 116, 121), CPL 700.30 must be construed so as to prevent the expansion of eavesdropping warrants into general warrants, and thus insure that the communications intercepted conform, as nearly as possible, to those subject to interception by the terms of the eavesdropping warrant (*People v Floyd, supra,* p 249). In other words, 'no greater invasion of privacy * * * than * * * necessary under the circumstances' is permitted by electronic surveillance (*Berger v New York,* 388 US 41, 57)." (*People v Calogero,* 75 AD2d 455, 460.)

The People's reliance on *Dalia v United States* (441 US 238) is misplaced. *Dalia* simply made clear that when probable cause for installation of a bug has been demonstrated, there is no need for a separate authorization permitting entry into the premises to implant the bug. Nor can the People find support for their argument in the "pen register" cases, inasmuch as the pen registers do not record the content of conversations but merely trace the numbers to which a call is placed (see, e.g., *United States v New York Tel. Co.,* 434 US 159). The two conversations obtained by means of the bugging device must be suppressed inasmuch as there was no basis for probable cause to permit a bug, no request by the authorities to implant one and no authorization given.

██ The question then remains whether, as defendant maintains, the drugs seized pursuant to the search war-

rant must be suppressed as a "fruit of the poisonous tree" (*Wong Sun v United States,* 371 US 471, 478). If the search warrant was obtained on the basis of information overheard on the bugging device, the warrant would be invalid and the drugs seized would have to be suppressed. Inasmuch as the conversations overheard on the bug were recorded after issuance of the search warrant, they could not have contributed to a determination of probable cause for the search. Defendant argues that the bugged conversations indicated to the investigators when he was going to arrive with the drugs. The record shows, however, that the investigators were alerted to the fact that defendant was on his way to Lynch's residence by a telephone call properly intercepted under the eavesdropping warrant. Suppression of the drugs is therefore not required.

██ Defendant also urges that it was error for the court to deny without a hearing his motion to suppress the evidence on the ground that nonpertinent calls were intercepted without any attempt at minimization and that there was insufficient basis for issuance of the warrant. With respect to the issue of minimization, there must be "a good faith and reasonable effort to keep the number of nonpertinent calls intercepted to the smallest practicable number" (*People v Floyd,* 41 NY2d 245, 250). The People bear the burden of going forward and demonstrating the legality of the police conduct in the first instance (*People v Floyd, supra; People v Calogero,* 75 AD2d 455, 461). That burden may be met by showing that procedures were established to minimize interception of nonpertinent communications and that efforts were made to follow such procedures. Defendant's moving papers allege that nonpertinent calls were intercepted in violation of such requirement and that there was no supervision by the court or the District Attorney. The court erroneously refused to grant a hearing on this issue. There must be a determination as to whether the procedures used by the task force were adequate to insure minimal intrusion into the privacy interests involved. Such a determination obviously cannot be made without a factual showing as to what procedures, if any, were adopted (see *People v Floyd, supra; People v Calogero, supra*). The court properly denied a hearing on defendant's

motion challenging probable cause for issuance of the search warrant and the eavesdropping warrant inasmuch as defendant made no factual showing to justify such a hearing (CPL 710.60, subd 1; subd 3, par [b]; *People v Glen,* 30 NY2d 252, cert den *sub nom. Baker v New York,* 409 US 849).

We have considered the other grounds of error urged by defendant and find them to be lacking in merit.

The judgment of conviction is therefore reversed, the two conversations overheard by means of the bugging device are suppressed and the matter remitted for a minimization hearing and, if indicated, a new trial.

HANCOCK, JR., J. P., CALLAHAN, BOOMER and MOULE, JJ., concur.

Judgment unanimously reversed, on the law, and a new trial granted, in accordance with opinion by DENMAN, J.