THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v
IRVING D. AMEIGH, Respondent.

Third Department, September 22, 1983

### APPEARANCES OF COUNSEL

*Benjamin J. Bucko, District Attorney (William A. Lange, Jr.,* of counsel), for appellant.

*Charles Guttman* for respondent.

### OPINION OF THE COURT

LEVINE, J.

Defendant was injured in a one-car accident during the late evening hours of April 23, 1982. He was taken to Tompkins Community Hospital for treatment and was placed under arrest while there for driving while intoxicated. Defendant was asked by the arresting officer to submit to a chemical test to determine his blood alcohol level pursuant to section 1194 of the Vehicle and Traffic Law and refused to submit to the test. Subsequently, hospital personnel withdrew a sample of defendant's blood and subjected it to chemical analysis, revealing an alcohol content of .26%.

Defendant was indicted for driving while intoxicated as a felony. As part of mutual, pretrial discovery, defendant's attorney furnished the prosecution with copies of his hospital records containing the blood-test results. Defendant then made the instant motion to suppress use of the test at the trial on the ground that it was "unconstitutionally

performed". The District Attorney's opposing affidavit denied that the police had been involved in performing the blood test. Attached to this affidavit were the hospital records showing that the test was ordered by the medical staff. In its written decision, the suppression court agreed that the test was "apparently performed upon Defendant for diagnostic purposes". However, it concluded that since the test was not administered pursuant to the requirements of section 1194 of the Vehicle and Traffic Law, in that it was not a test administered at the direction of a police officer with defendant's consent, its results would not be admissible in evidence. This appeal by the People ensued.

The order suppressing the blood-test results should be reversed. In so ruling, we are not unmindful of the holding by the Court of Appeals in *People v Moselle* (57 NY2d 97, 109) that "section 1194 has pre-empted the administration of chemical tests for determining alcoholic blood content with respect to violations under section 1192 of the Vehicle and Traffic Law". The entire statutory scheme for the use of chemical tests in drunk driving cases (Vehicle and Traffic Law, §§ 1192-1195) and the pertinent legislative history persuade us that the procedures therein established were intended solely to govern chemical blood-alcohol tests requested or procured by an arresting police officer, and not to bar admissibility of the result of a test performed without police involvement and for purposes unrelated to section 1192 prosecutions. Thus, under subdivision 1 of section 1194, the operator of a motor vehicle is deemed to have given consent to a test when such test is "administered at the direction of a police officer", thereby permitting testing of a person who is physically incapable of giving express consent (*People v Kates,* 53 NY2d 591); subdivision 2 provides directions to the officer for requesting submission to the test and for his action if the request is refused; subdivisions 2, 3 and 4 set forth procedures for the imposition of sanctions in the event of such refusal; and section 1195 provides for the admissibility of and the evidentiary weight to be given to the results of tests "administered pursuant to the provisions of section eleven hundred ninety-four of this chapter" (§ 1195, subd 1).

Thus, the statutory framework simply does not address itself to evidence of blood-alcohol levels derived as a result of bona fide medical procedures in diagnosing or treating an injured driver. In that context, it is apparent to us that the provision in subdivision 2 of section 1194 that the test shall not be given to a person expressly declining the officer's request does not render inadmissible the results of tests not taken at the direction or on behalf of the police. The legislative purpose underlying that provision was "to eliminate the need for the use of force by police officers if an individual in a drunken condition should refuse to submit to the test" (Report of Joint Legislative Committee on Motor Vehicle Problems, McKinney's Session Laws of NY, 1953, pp 1912, 1928, quoted in *People v Kates, supra,* p 596).

Our conclusion that section 1194 of the Vehicle and Traffic Law does not prohibit the use at trial of a medically administered blood test not procured by the police is consistent with the statutory provisions governing motions to suppress evidence in all criminal cases (CPL art 710). Under CPL 710.20 (subd [a]), a motion to suppress such evidence may only be made by a defendant who "is aggrieved by *unlawful or improper* acquisition of evidence" (emphasis added). Certainly, there was nothing unlawful or improper in the hospital's obtaining a sample of defendant's blood in the instant case and testing it for diagnostic purposes. It is also well-settled law that a search and seizure by a private person without governmental involvement is not a proper subject for a motion to suppress the evidence obtained thereby (*People v Adler,* 50 NY2d 730, 737, cert den 449 US 1014; *People v Jones,* 47 NY2d 528, 533).

Inasmuch as the vague, conclusory averments contained in defendant's attorney's moving affidavit failed to raise any evidentiary issue as to police involvement in the procurement and testing of the sample of defendant's blood by hospital personnel, defendant's motion to suppress should have been summarily denied (CPL 710.60, subds 1, 3, par [b]; see *People v Glen,* 30 NY2d 252, 262, cert den *sub nom. Baker v New York,* 409 US 849; *People v Frank,* 85 AD2d 109, 115). Any other possible evidentiary objections

to the admissibility of the test results may properly be raised at the trial.

The order should be reversed, on the law, the motion to suppress denied, and the matter remitted to the County Court of Tompkins County for trial.

MAHONEY, P. J., MIKOLL, YESAWICH, JR., and WEISS, JJ., concur.

Order reversed, on the law, motion to suppress denied, and matter remitted to the County Court of Tompkins County for trial.