◾ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MATTHEW S. PETRO, Respondent.—Main, J. Appeal from an order of the County Court of Schenectady County (Harrigan, J.), entered September 5, 1985, which granted defendant's motion to suppress evidence and dismissed five counts of the indictment.

On July 22, 1984, defendant was involved in a two-car accident in the Town of Niskayuna, Schenectady County. The driver of the other vehicle died as a result of injuries sus-

tained in the crash, and defendant suffered retrograde and posttraumatic amnesia. Thereafter, defendant was indicted and charged with two counts each of vehicular manslaughter and operating a motor vehicle while under the influence of alcohol, and one count each of criminally negligent homicide and failure to keep right.

Because there were no witnesses to the accident and since the driver of the other vehicle involved in the accident had died, the chief evidence against defendant was the finding of a serumosmology blood test performed upon his blood for diagnostic purposes after he was taken, in a semiconscious state, from the scene of the accident to a hospital. That test showed that defendant's blood alcohol content was .15%. Defendant made a pretrial motion to suppress the results of the serumosmology test and to dismiss the indictment. County Court, concluding that the physician-patient privilege (CPLR 4504) required the suppression of the test results, ordered that such results be suppressed. Noting that the People had conceded that they would be unable to establish a prima facie case without the test results with regard to five of the six counts of the indictment, County Court dismissed all counts of the indictment except the count charging failure to keep right. This appeal by the People ensued.

The physician-patient privilege (CPLR 4504), which is applicable in criminal proceedings (CPL 60.10), may be asserted by a patient even though that patient is suspected of or charged with a crime (Matter of Grand Jury Investigation of Onondaga County, 59 NY2d 130, 135). Here, it is clear that the blood test was performed in the course of attending defendant in a professional capacity (see, supra, p 134). Because there is no evidence that defendant at any time waived the privilege and since there is no specific statutory exception covering this case (see, supra, pp 135-136), we must agree with County Court that the physician-patient privilege mandates that the test results be suppressed and, accordingly, that five counts of the indictment be dismissed.

Order affirmed. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.