*1102 OPINION OF THE COURT
Matthew A. Sciarrino, Jr., J.
The defendant, Sergey Bashkatov, is charged with operating a motor vehicle while under the influence of alcohol (Vehicle and Traffic Law § 1192 [1], [3]). He moves for an order suppressing evidence of his blood that was seized by the police pursuant to a search warrant (see CPL 710.20 [5]). This court makes the following findings of fact and conclusions of law:
Facts
On March 31, 2006, the defendant was arrested for operating a motor vehicle while under the influence of alcohol. The People assert that the defendant was transported to a hospital after he was placed in a police vehicle where he repeatedly hit his head against a partition that separated the front of the vehicle from the rear. The assistant district attorney who responded to the defendant’s motion affirmed that a police officer at the hospital
“offered the defendant a blood test for the purpose of determining blood alcohol content. The defendant refused to have such a test administered in that the defendant was screaming, incoherent, and further did not respond when asked whether he would take the test. . . . While the defendant was at the Hospital, a nurse from Staten Island University North withdrew blood from the defendant for diagnostic purposes.”
On April 2, 2006, the defendant was arraigned on a misdemeanor complaint charging the above-mentioned counts.
On April 3, 2006, the police executed a search warrant at Staten Island Hospital North, seizing and vouchering a “blood kit containing two vials of blood.”
Discussion
CPL 710.20 (5) allows a defendant to move for an order suppressing evidence of a chemical test of his blood if the People did not comply with Vehicle and Traffic Law § 1194 (3), or any other applicable law.
Vehicle and Traffic Law § 1194 (3) allows a police officer or a district attorney to request and obtain a court order to compel a person to submit to chemical tests of breath, blood, urine, and saliva, if among other reasons, the defendant was arrested for driving while impaired and refused to submit to a chemical test. The People concede that they did not comply with Vehicle and *1103 Traffic Law § 1194 (3). Instead, the People chose to obtain a search warrant, allowing the police to seize defendant’s blood samples which were taken by hospital personnel for diagnostic purposes.
The defendant correctly asserts that the admission into evidence of his blood samples, and any chemical tests of the samples, would violate the physician-patient privilege. CPLR 4504, which is applicable to criminal proceedings (CPL 60.10), sets out the physician-patient privilege which, unless the patient waives, protects from disclosure any medical information acquired by the physician through the application of medical skill or knowledge.
The prosecution mistakenly relies on People v Bolson (183 Misc 2d 155 [Sup Ct, Queens County 1999]) which is distinguishable from the instant case. In Bolson, a registered nurse in a hospital took four blood samples from the defendant, including one sample to test for alcohol content, even though the “withdrawal of blood for that purpose was by no means necessary for defendant’s treatment” (id. at 159 [internal quotation marks omitted]). “The blood samples were subsequently tested by the New York Medical Examiner’s Office” (id. at 157). It is unclear in Bolson whether the prosecution sought to admit into evidence the medical examiner’s results of all four samples or only some of the samples. The court in Bolson pointed out that the “suppression context of this case is in sharp contrast with cases such as People v Petro (122 AD2d 309, 310), where a ‘blood test [was] performed upon [defendant’s] blood for diagnostic purposes’ and the Court found that the ‘physician-patient privilege mandates that the test results be suppressed’ ” (People v Bolson, supra, 183 Misc 2d at 160).
In Petro, the Appellate Division, Third Department, affirmed an order suppressing the results of a blood test performed upon defendant’s blood which was taken for diagnostic purposes in a hospital. The Court stated that since “the blood test was performed in the course of attending defendant in a professional capacity” (People v Petro, supra, 122 AD2d at 310), the results of the blood test are protected by the physician-patient privilege and are inadmissable unless waived by defendant. While the Court in Petro considered blood samples taken for diagnostic purposes, in its decision, the Appellate Division did not make a distinction between tests for diagnostic purposes and other purposes.
Vehicle and Traffic Law § 1194 (3) is not the sole body of law that allows the People to seize blood samples. In People v Ameigh *1104 (95 AD2d 367, 369 [3d Dept 1983]), the Court held that blood samples taken for diagnostic purposes were admissible since it is “well-settled law that a search and seizure by a private person without governmental involvement is not a proper subject for a motion to suppress the evidence obtained thereby.” However, the Court in Ameigh did not address the physician-patient privilege. While reversing the lower court’s order suppressing blood test results, the Appellate Division remitted the case to the County Court and noted that “[a]ny other possible evidentiary objections to the admissibility of the test results may properly be raised at the trial” (id. at 369-370). Thus, a court could deny a defendant’s motion to controvert a search warrant on constitutional grounds (US Const 4th Amend; NY Const, art I, § 12), but grant the defendant’s motion to suppress evidence at trial because of the physician-patient privilege. Therefore, even where blood is taken without governmental involvement, it is irrelevant because the blood was taken for diagnostic purposes. In either situation, if an objection to the introduction of privileged information is raised at trial or in limine, the evidence must be suppressed. The critical issues, as considered by the Appellate Division in Petro, are whether the blood test was performed in the course of attending the defendant in a professional capacity, and whether defendant waived the privilege.
To hold that the results generated by the defendant’s treating physician at the hospital for the purpose of treatment and diagnosis remain under the protective aegis of the physician-patient privilege, but not the blood itself, as suggested by the prosecution and Bolson, would render CPLR 4504 meaningless. In the People’s opposition to the defendant’s motion, they assert that since a search warrant was obtained, “the People were not required to satisfy the requirements set forth in VTL § 1194 (3) (b) which governs instances were [sic] the defendant is compelled by the court to submit to a chemical test.” Such a policy should be reevaluated while contemplating the physician-patient privilege, and possible criminal and civil liability for medical providers.
In the future, the People or the police should seek a court order for a blood test pursuant to Vehicle and Traffic Law § 1194 (3).
Accordingly, the defendant’s motion for an order suppressing blood test results obtained by the People is granted.